IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SAVANNA BOND,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF STATE BOATING LAW ADMINISTRATORS,<br><br>Defendant. | C.A. NUMBER: 2:26-cv-4509-RMG<br><br>COMPLAINT |

The Plaintiff above named, complaining of the Defendant alleges:

1. Plaintiff is a resident in the state of South Carolina, County of Berkeley.
2. Defendant National Association of State Boating Law Administrators ("NASBLA") is a corporation organized and existing under the law of a state other than South Carolina and was doing business in South Carolina at all times mentioned herein providing training, model acts, education standards, and publications to professional educators, law enforcement officials and volunteers in South Carolina.
3. The jurisdiction of this court is invoked because the claims arising herein are within the admiralty and maritime jurisdiction of this court under Rule 9(h), F.R.C.P., for the purpose of Rule 14(c), 38(e), and 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims and are cognizable only in admiralty.
4. In connection with the activities herein, Defendant had a duty to exercise due care to avoid foreseeable damage or injury.

5. Prior to November 4, 2024, the South Carolina Department of Natural Resources ("SCDNR") and the National Association of State Boating Law Administrators ("NASBLA") entered into a contract to provide safety instruction and training.
6. On or about the week of November 4, 2024, the National Association of State Boating Law Administrators administered a six (6) day Boat Operations and Training ("BOAT") Program to the South Carolina Department of Natural Resources on navigable waters in the Charleston Harbour located in Charleston County, South Carolina.
7. On or about November 8, 2024, the aforesaid BOAT training course administered by NASBLA included a high-speed pursuit training session by which three (3) boats pursued one (1) lead boat traveling approximately forty-five (45) mph performing evasive maneuvers generating significant wakes on navigable waters in the Charleston Harbour located in Charleston County, South Carolina.
8. On the aforesaid date, at the time and place of operation, Savanna Bond was an employee of the Department of Natural Resources and was participating in said BOAT training course administered, supervised, controlled, facilitated and instructed by NASBLA on a SCDNR vessel on navigable waters in Charleston County, South Carolina.
9. On the aforesaid date, at the time and place of operation, Savanna Bond along with two (2) other SCDNR employees and one (1) NASBLA instructor were aboard a twenty-eight (28) foot Contender vessel owned by SCDNR traveling on navigable waters along with four (4) other SCDNR vessels in the Charleston Harbor performing maritime law enforcement and emergency response training at the direction and supervision of Defendant when, by and through the negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant instructing, controlling, facilitating and supervising said BOAT training and

operator of said boat to maneuver at an excessive and dangerous speed based upon the existing conditions, failed to avoid a wake and/or slow the boat in response to said wake and/or take any action to minimize the impact of said wake, causing such a severe impact that the vessel's engine shut off, as a result of which Plaintiff was propelled into the air with great force and violence before landing in the boat and striking her neck on a leaning post within the vessel, sustaining severe and serious injuries as hereinafter set forth.

10. The aforesaid injuries to Plaintiff were caused by and were a direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of the Defendant and consisted of the following:

a. In failing to provide reasonable, necessary and appropriate care in supervising, controlling, instructing, facilitating, training and directing said BOAT program and in failing to adequately instruct proper operation of said vessel while in navigable waters;

b. In failing to provide reasonable, necessary and appropriate supervision of said BOAT training program;

c. In failing to take reasonable precautions to protect Plaintiff from dangerous situations which they knew or should have known existed;

d. In failing to have proper policies and procedures in place to ensure the safety of Plaintiff and others in similar circumstances;

e. In failing to provide for Plaintiff's safety and well-being during said BOAT training program;

f. In failing to properly hire, train, control, manage and supervise its employees, agents, and/or staff, so as to ensure the safety of BOAT training program participants (including the Plaintiff);

g. In failing to ensure the safety and well-being of the passengers on the vessel;

h. In failing to properly and adequately provide proper supervision, control, direction and training in operating said vessel;

i. In directing and instructing the operator of said vessel to travel at a dangerously high speed;

j. In failing to properly direct, supervise and instruct said BOAT program and vessel;

k. In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.

11. That by reason of and in consequence of the aforesaid conduct of the Defendant, and as a direct and proximate result thereof Plaintiff was thrown while in the aforesaid boat with great force and violence, resulting in severe injuries to Plaintiff in and about her body, including injuries to her head, jaw, arm and neck, requiring treatment at hospitals, medical care and other medical treatment, by reason of which Plaintiff has been caused to expend monies for doctors and other medical expenses, and will be cause to expend monies for such care in the future; she has suffered, continues to suffer, and will in the future suffer pain and mental anguish; she has been and will in the future be prevented from engaging in activities and she has lost wages and gains she otherwise would have made and her earning capacity has been diminished; and she has been deprived of the enjoyment of persons in like circumstances and has been otherwise damaged, all to her damage.

**WHEREFORE,** Plaintiff prays for judgement against Defendant, for actual and punitive damages as are allowed and appropriate in such sums as will fully, fairly and justly compensate the Plaintiff and for the cost of this action.

Gedney M. Howe, IV (Fed Bar No.: 13339)
Michael A. Monastra (Fed Bar No.: 13587)
GEDNEY M. HOWE, IV, LLC
8 Chalmers Street
Charleston, South Carolina 29401
Phone: 843-722-8048
Fax: 843-722-2140
Email: gedney4@gedneyhowe.com
Email: mmonastra@gedneyhowe.com

By: *s/Gedney M. Howe, IV*
*Attorneys for Plaintiff*

October 7, 2026
Charleston, South Carolina